967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edwin BRANHAM, Defendant-Appellant.
 No. 91-30262.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 11, 1992.
 
 Before EUGENE A. WRIGHT, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant-Appellant John Branham, appeals the sentence he received under the United States Sentencing Guidelines for bank robbery. 18 U.S.C. § 2113(a) (1988); U.S.S.G. § 2B3.1. Branham argues that the district court erred in sentencing him to 168 months in violation of 18 U.S.C. § 3581. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm the district court's decision.
 
 DISCUSSION
 
 3
 I. SECTION 3581(b)(3) DID NOT CHANGE MAXIMUM PENALTY
 
 
 4
 Branham claims that 18 U.S.C. § 3581(b)(3) changed the statutory maximum penalty for unarmed bank robbery from twenty years, as set out in the provision describing the offense, to twelve years. As a result, Branham argues that the district court erred in sentencing him to a term higher than the 144 months authorized under section 3581(b)(3).
 
 
 5
 Branham contends that section 3581 supersedes the statutory maximum sentences provided in the various sections defining offenses, including the section defining bank robbery. Branham points out that, under section 3559(a), bank robbery, as defined by section 2113(a) is a Class C felony. Under section 3581(b)(3), a Class C felony is punishable by no more than twelve years incarceration. Stokes argues that 3581(b)(3) changes the statutory maximum sentence for a violation of section 2113(a) from twenty years to twelve years. Thus, he concludes that the district court erred in sentencing him to a term greater than the 144 months allowed under section 3581(b)(3).
 
 
 6
 We review the legality of a sentence de novo. United States v. Ruiz, 935 F.2d 1033, 1035 (9th Cir.1991). We conclude that section 3581(b) does not supersede all statutory maximum sentences for federal offenses. Branham's position is contradicted by the plain language of the provisions at issue, the intent of Congress expressed in the legislative history and the cases which have addressed the issue.
 
 Plain Language
 
 7
 Section 3559(b) discusses the effect of assigning a felony letter designation under section 3559(a) to offenses which did not have such a designation. It states that "[a]n offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that the maximum term of imprisonment is the term authorized by the law describing the offense." 18 U.S.C. § 3559(b). A plain language reading of this provision clearly reveals that assigning a felony letter designation to an offense does not have the effect of changing the statutory maximum for that offense. Section 2113(a) does not have a felony letter designation in the section defining the offense. Thus, it falls under the category of offenses which were assigned a felony letter designation under section 3559(a) and whose statutory maximums are not changed by section 3581(b).
 
 Legislative History
 
 8
 The legislative history also contradicts Branham's claim that section 3581(b) supersedes all statutory maximum sentences. Congress made it quite clear that it did not intend to change the existing sentencing provisions when it introduced the grading scheme. The Committee specifically considered having a provision like section 3581(b) amending all offense sections, but rejected the idea.
 
 
 9
 The Committee has reexamined the desirability of amending current law in an attempt to conform sentencing provisions to the grading scheme of the bill, and has decided that a general provision such as section 3559 is preferable at this time. To amend each individual section implies that the Committee has given careful consideration to grading all existing offenses, when, in fact, this has not been the case.
 
 
 10
 S.Rep. No. 225, 98th Cong., 2d Sess. 87, reprinted in 1984 U.S.C.C.A.N. 3270. The Senate Report clearly indicates that Congress did not intend to change the existing statutory maximums even though it intended to give every offense a felony letter designation. It states:
 
 
 11
 Title II creates a grading scheme by which each offense can be ranked according to its relative seriousness. This device is used to define the maximum terms of imprisonment, the maximum fines, the maximum terms of probation and the maximum terms of supervised release for each grade of offense. The definition of maximum prison terms does not alter existing statutory maximums: the existing federal statutes still determine the maximum terms of imprisonment. The provision is intended merely to provide a useful scheme for future Congressional classification of criminal statutes. On the other hand, the proposed maximums for fines, probation and supervised releases will supersede existing law when the bill is enacted into law.
 
 
 12
 See S.Rep. No. 225, 98th Cong., 2d Sess. 50, 51, reprinted in 1984 U.S.C.C.A.N. 3182, 3234 (Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Title II, 98 Stat. 1976 (1984)) (emphasis added). This is not a case where we have to infer Congress's intent in one statute from looking at another statute. The text from the Senate Report is unambiguous: "The definition of maximum prison terms does not alter existing statutory maximums." Congress clearly knew how to make the statute supersede existing law because it did so with respect to fines, probation and supervised release. The fact that Congress did not do it for terms of imprisonment shows that Congress did not intend to change the statutory maximums.[1]
 
 Existing Caselaw
 
 13
 The issue of whether section 3581(b) supersedes existing statutory maximums for federal offenses has been addressed recently by this circuit in United States v. Schiffbauer, No. 90-10624, slip op. at 1081 (9th Cir. Feb. 4, 1992). In Schiffbauer, this court held that section 3581(b) provides the maximum penalty only for offenses which were given a letter classification in the defining statute. Id. at 1085. It does not alter the maximum penalty for offenses which received a letter classification for the first time in section 3559(b). Id. Bank robbery as defined in section 2113(a) was given a letter classification for the first time by section 3559(b). Thus, the maximum penalty provided for Class C felonies in section 3581(b) does not apply. The maximum sentence for a violation of section 2113(a) is the 240 months provided for by that section.
 
 
 14
 Consequently, Branham's claim that the maximum sentence which he may receive is 144 months is erroneous. Branham's Guideline range was 168-210. The statutory maximum was 240 months. The district court sentenced Stokes to 168 months which was at the bottom of the applicable Guidelines range and under the statutory maximum. Thus, the district court did not commit error in sentencing Branham.
 
 
 15
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The House passed the Senate language without change